UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JOHN CROWLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:06CV22(JCH) |
| ) | |
| LARRY DITTMER, et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of John Crowley (registration no. 1058904), an inmate at the Tipton Correctional Center (TCC), for leave to commence this action without payment of the required filing fee [Doc. #1]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $12.83. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing

1

fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $64.17, and an average monthly account balance of $32.81. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $12.83, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which

relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks monetary relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights and for various state law torts allegedly committed against him. Named as defendants are Larry Dittmer, Sherry Blattel, and Teresa Thornburgh. Briefly, plaintiff alleges that the defendants did not let him attend his daughter's funeral. Plaintiff is suing

for damages based on alleged violations of his due process rights, cruel and unusual punishment, intentional infliction of emotional distress, violation of equal rights, negligence, intentional tort, "vicarious liability," and conspiracy.

## Discussion

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's allegation that his rights were violated when he was denied the opportunity to attend his daughter's funeral does not rise to the level of a constitutional violation. A prisoner - like plaintiff - does not retain a liberty interest in attending a family member's funeral, and the denial does not impose an atypical or significant hardship on the inmate in relation to the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. 472, 484-86 (1995). Indeed, it is axiomatic that a sentence of imprisonment results in an offender's absence from family rituals and functions that occur during the time the offender is imprisoned. Such separation from one's family - being one of the more obvious consequences of imprisonment - is neither cruel nor unusual under the eighth amendment.

Moreover, other federal courts that have considered this issue have held that prisoners do not retain a constitutional right to attend a family member's funeral. See e.g., Adams v. Garland County Detention Center, No. 05-6086, 2006

WL 1361121 (W.D. Ark., May 17, 2006); <u>Hilliard v. Andrews</u>, No. Civ. A. 05-75, 2005 WL 1629954 (W.D. La., July 8, 2005); <u>Bradley v. Beck</u>, No. 1:01CV225-02-MU, 2001 WL 34610459 (W.D. N.C., Oct. 19, 2001); <u>Cruz v. Sielaff</u>, 767 F.Supp. 547, 550 (S.D. N.Y. 1991). Therefore, plaintiff's due process claim should be dismissed.

Plaintiff's claim that he is being denied equal protection of the law should also be dismissed pursuant to § 1915(e)(2)(B). Plaintiff's complaint does not indicate that he is being treated differently than similarly situated inmates. Consequently, plaintiff's complaint does not state an equal protection claim. See <u>Phillips v. Norris</u>, 320 F.3d 844, 848 (8th Cir. 2003) (explaining elements of equal protection claim). Having determined that all of the federal claims over which this Court has original jurisdiction should be dismissed, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims. See 18 U.S.C. § 1367(c)(3).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $12.83 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and

to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 19th day of September, 2006.

                **/s/ Jean C. Hamilton**
            **UNITED STATES DISTRICT JUDGE**